UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT PADUCAH
CIVIL ACTION NO. 5:14CV-130-R

**AMY S. BLASINGIM**                                                                                    **PLAINTIFF**

**v.**

**TEVA PHARMACEUTICAL COMPANY**                                                   **DEFENDANT**

### MEMORANDUM OPINION

Plaintiff Amy S. Blasingim filed the instant *pro se* action.  Rule 12(h)(3) of the Federal Rules of Civil Procedure provides, "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."  Because a review of the complaint reveals that this Court lacks subject-matter jurisdiction, the Court will dismiss the action.

### I. SUMMARY OF CLAIMS

Plaintiff filed this action on a Court-approved general complaint form.  She sues Teva Pharmaceutical Company.  As the grounds for filing this case in federal court, Plaintiff states, "I was hospitalized over a wrongful medication and can't find a lawyer to take my case."  As her statement of the claim, she states, "Amy Blasingim took the medication Alendronate and was hospitalized twice over it with cellulitis and ulcers in esophagus we sent records to them proven this woman had been hospitalized but they don't wanna respond."  As relief, Plaintiff request the following:  "Compensate me for 30,000;" and "take this drug off the market."

### II. ANALYSIS

*Pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers.  *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991).  However, "[o]ur duty to be 'less stringent' with pro se complaints does not

require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted). And this Court is not required to create a claim for Plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the Court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

It is axiomatic that federal district courts are courts of limited jurisdiction, and their powers are enumerated in Article III of the Constitution. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *Hudson v. Coleman*, 347 F.3d 138, 141 (6th Cir. 2003) ("[I]t is well established that federal courts are courts of limited jurisdiction, possessing only that power authorized by the Constitution and statute."). "Jurisdiction defines the contours of the authority of courts to hear and decide cases, and, in so doing, it dictates the scope of the judiciary's influence." *Douglas v. E.G. Baldwin & Assoc. Inc.*, 150 F.3d 604, 606 (6th Cir. 1998), *overruled on other grounds by Cobb v. Contract Transp., Inc.*, 452 F.3d 543, 548-49 (6th Cir. 2006). Moreover, federal courts have an independent duty to determine whether they have jurisdiction and to "police the boundaries of their own jurisdiction." *Douglas*, 150 F.3d at 607 (citing *Ebrahimi v. City of Huntsville Bd. of Educ.*, 114 F.3d 162, 165 (11th Cir. 1997)).

The party who seeks to invoke a federal district court's jurisdiction bears the burden of establishing the court's authority to hear the case. *Kokkonen*, 511 U.S. at 377. There are two ways a federal district court may have jurisdiction over a case. The first is through federal question jurisdiction under 28 U.S.C. § 1331, and the second is through diversity jurisdiction under 28 U.S.C. § 1332.

*Federal question jurisdiction*

In the present case, Plaintiff has not established federal question jurisdiction under 28 U.S.C. § 1331.  She has not stated that she was deprived of any federal statutory or constitutional right.  Likewise, the complaint does not contain factual allegations that would establish a federal cause of action against Defendant.  For these reasons, Plaintiff fails to demonstrate jurisdiction under 28 U.S.C. § 1331.

*Diversity jurisdiction*

Additionally, Plaintiff fails to establish diversity jurisdiction under 28 U.S.C. § 1332.  To give rise to jurisdiction under § 1332, there must be complete diversity of citizenship, and the amount in controversy must exceed "the sum or value of $75,000, exclusive of interest and costs[.]"  28 U.S.C. § 1332.  To determine whether the amount in controversy exceeds the jurisdictional amount, the Court relies on the amount alleged in the complaint.  *Klepper v. First Am. Bank*, 916 F.2d 337, 340 (6th Cir. 1990).  The complaint demands damages in the amount of $30,000.  As the amount in controversy does not exceed $75,000, Plaintiff fails to establish diversity jurisdiction.

### III. <u>CONCLUSION</u>

Accordingly, because Plaintiff has failed to establish that this Court has subject-matter jurisdiction over this action, the Court will dismiss this action by separate Order.

Date:


cc:      Plaintiff, *pro se*
4413.010